SAXTON *v.* KREIN.

LOG-LIEN LAW—CONTRACT FOR SALE OF LUMBER—PERFORMANCE
BY PURCHASER.

> Under the provisions of the log-lien law of 1887 (3 How. Stat. §
> 8427a *et seq.*), laborers' liens are not affected by a sale or trans-
> fer of the product before the expiration of the time limited
> for the filing of the statement of lien; and where such liens
> are being asserted against lumber sold under an agreement
> that it should be paid for when delivered, the purchaser is
> justified in declining to pay for the lumber until *it is* released
> from such claims, or he is indemnified against them.

Error to Manistee; Judkins, J.   Submitted October 24,
1895.   Decided November 5, 1895.

*Assumpsit* by Lyman P. Saxton and another against
Franz Krein for the breach of a contract to purchase
lumber from plaintiffs.   From a judgment for defendant,
plaintiffs bring error.   Affirmed.

*George L. Hilliker,* for appellants.

*McAlvay & Grant,* for appellee.

McGRATH, C. J.   Plaintiffs, the owners of a mill at
Pomona, in October, 1892, contracted to deliver to defend-
ant at Copemish, a station 2½ miles from Pomona, 630,000
feet of lumber, which defendant was to pay for as deliv-
ered and scaled.   Plaintiffs commenced at once to get out
the logs, and in January following delivered 5,000 feet
of lumber, which was paid for upon orders given by
plaintiffs to their employés.   Two car loads were sent
by rail on February 16th, and three car loads were ship-
ped March 1st, but, owing to a strike upon the railroad,
these cars did not arrive in defendant's yard until March
9th and March 19th.   This lumber has been paid for,
but not until after the employés of plaintiffs had, on

March 21st, attached the same under the log-lien act. Plaintiffs made no further tender of lumber, but bring this action, claiming a breach of the contract, in that defendant refused to pay for the lumber as delivered and scaled, and in consequence plaintiffs' employés filed statements of lien and plaintiffs were compelled to suspend operations.

Defendant was absent from Copemish from February 18th until March 13th. The first two of the five cars had been unloaded and scaled. After this delivery, and before defendant's return, one of the plaintiffs had appeared upon the premises in company with one Young, an employé of plaintiffs, and pointed out to the latter the lumber which had been delivered. Young then proceeded to stamp not only the lumber which had been delivered, but that which was upon the other three cars, which were still upon the railway grounds awaiting delivery, with his (Young's) name. On defendant's return he found this condition of matters. Plaintiffs interviewed him, asking pay for the lumber. Employés presented orders. The five car loads of lumber amounted to between $300 and $400. Plaintiffs were indebted to Young about $60. One Wagner presented an order for $200, and claimed several hundred dollars more to be due him. Three others had orders. Thirteen claims were filed, aggregating $1,000. Defendant declined to pay until these claims were discharged, or he was secured against them. The sole question is whether defendant was justified in declining to pay for the lumber delivered, under the circumstances, until the lumber was released or he was indemnified.

The statute gave to plaintiffs' employés a lien upon this lumber. It provides that no such claim shall *remain a lien* unless a statement thereof shall be filed; that such statement shall be filed within 30 days after the completion of such labor; and that any sale of the products during the time limited for the filing of said statement shall in no way affect such lien, but that such lien shall

remain and be enforced against such product, in whosesoever possession the same shall be found. 3 How. Stat. §§ 8427a-8427d. In *Haifley* v. *Haynes*, 37 Mich. 535, it was held that the lien for cutting logs provided by Act No. 185, Laws of 1873, could not be enforced as against one who had purchased from the debtor without notice of the claimant's lien, as shown by the petition on file or by his actual possession. The court held that the statute contained no express provision that, in the absence of a statement filed, the lien would exist and override the rights of honest purchasers who had no means of knowing anything about the claims. In that case the court say that the act is abstractly susceptible of an implication that a party may, without writing or possession, and without giving notice by record or otherwise, maintain and assert a right of lien paramount to the title of a *bona fide* purchaser from the actual owner and possessor, but they decline to so construe the act, in the absence of express provisions to that effect. The present statute, however, expressly provides that any sale or transfer of the product during the time limited for filing the statement shall in no way affect the lien. In *Federspiel* v. *Johnstone*, 87 Mich. 303, the owner of the logs had paid the contractor in full for the work, but the court held that the lien was not affected thereby. The statute creates the lien, and continues it in force for 30 days after the performance of the labor. These liens were in force when defendant refused to pay for the lumber delivered. Any payment made by him at that time would have been at his own peril, and the circumstances fully justified his refusal to pay. The court left the question of defendant's good faith to the jury, but, under the facts, his motives were immaterial.

The judgment is affirmed.

The other Justices concurred.